# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARGARET GRIEGO, DECEASED, BY THE
CO-PERSONAL REPRESENTATIVES OF HER
PROBATE ESTATE, CELESTINO GRIEGO, JR.
AND DANNY I. GRIEGO,**

    Plaintiffs-Appellees,

v.                                NO. 31,777

**ST. JOHN HEALTHCARE & REHABILITATION
CENTER, L.L.C., SKILLED HEALTHCARE
GROUP, INC., SKILLED HEALTHCARE, L.L.C.,
and ADMINISTRATOR T.J. HICKS, JR.,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Clay P. Campbell, District Judge**

Harvey Law Firm, L.L.C.
Jennifer J. Foote
Dusti D. Harvey
Albuquerque, NM

for Appellees

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Sandra L. Beerle
Robert W. Lasater, Jr.
Jocelyn Drennan
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** This case comes to us on remand from our Supreme Court in *Griego v. St. John Healthcare & Rehabilitation Center, L.L.C.*, No. 34,158, for further consideration in light of *Strausberg v. Laurel Healthcare Providers, LLC,* 2013-NMSC-032, 304 P.3d 409 *(Strausberg II).* In this Court's memorandum opinion filed in the present case on April 22, 2013, we affirmed the district court's denial of Defendants' motion to dismiss the complaint and compel arbitration based on the substantive unconscionability of the arbitration agreement. We address on remand whether *Strausberg II* changes our conclusion in the memorandum opinion that the arbitration agreement is void for substantive unconscionability as a matter of law. We find it does not.

**BACKGROUND**

**{2}** Because the parties are familiar with the facts of the case, we do not recite those facts here but include some of them in our analysis below. We briefly note the procedural history that led to this memorandum opinion.

**{3}** After the death of Margaret Griego, who had been attacked by another resident at Defendants' nursing home, Plaintiffs in January 2011 filed a complaint alleging negligence, misrepresentation, and a violation of the New Mexico Unfair Practices Act, NMSA 1978, Sections 57-12-1 to -26 (1967, as amended through 2009), related

2

to the terms of the admission contract's arbitration agreement (the Agreement). Defendants responded in February 2011 with a motion to dismiss or stay litigation and compel arbitration. In response to Defendants' motion, Plaintiffs raised the affirmative defense of unconscionability.

{4} The district court held hearings in May and September 2011. The parties were invited, before and after the September hearing, to submit proposed findings of fact and conclusions of law that examined the issue of substantive unconscionability, and each party also briefed that issue after the hearing. On November 8, 2011, the district court issued its findings of fact, conclusions of law, and an order denying the motion to compel arbitration. An appeal to this Court followed.

{5} In our memorandum opinion in this case filed April 22, 2013, this Court affirmed the district court's denial of Defendants' motion to compel arbitration. *Griego v. St. John Healthcare & Rehab. Ctr., L.L.C.*, No. 31,777, mem. op. ¶ 34 (N.M. Ct. App. Apr. 22, 2013) (non-precedential) (*Griego I*). The district court ruled that the arbitration agreement at issue in this case, which required arbitration of all disputes except those pertaining to "collections or discharges of residents," was substantively unconscionable. *Id.* ¶¶ 1, 6, 33. We relied on our Supreme Court cases of *Rivera v. Am. Gen. Fin. Servs., Inc.*, 2011-NMSC-033, 150 N.M. 398, 259 P.3d 803; *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, 146 N.M. 256, 208 P.3d 901; and our recent cases that interpreted arbitration agreements that contained the

3

same or similar arbitration provisions as presented in this case: *Figueroa v. THI of N.M.*, 2013-NMCA-077, 306 P.3d 480, *cert. denied,* 2012-NMCERT-010, 297 P.3d 332; *Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, 293 P.3d 902, *cert. denied,* 2012-NMCERT-012, 299 P.3d 423; *Bargman v. Skilled Healthcare Group, Inc.*, 2013-NMCA-006, 292 P.3d 1, *cert. granted,* 2012-NMCERT-012, 299 P.3d 423; and *Strausberg v. Laurel Healthcare Providers, LLC*, 2012-NMCA-006, 269 P.3d 914 (*Strausberg I*), *rev'd*, 2013-NMSC-032 (*Strausberg II*).

{6}     Our Supreme Court granted certiorari in this case. It subsequently decided *Strausberg II*, reversing this Court's decision in *Strausberg I*, holding that the party asserting unconscionability as an affirmative defense to contract enforcement has the burden of proving that the contract should not be enforced based on unconscionability. *Strausberg II*, 2013-NMSC-032, ¶¶ 3, 36, 39, 43, 48. The Court then remanded this case for further consideration in light of its opinion in *Strausberg II*.

**Application of *Strausberg II* to *Griego I***

{7}     In *Strausberg II*, our Supreme Court held that the defendants, as the parties seeking to compel arbitration, have the initial burden of proving the existence of a valid contract. 2013-NMSC-032, ¶ 42. It is not until after the defendants have satisfied that burden that the burden shifts to the plaintiff to prove unconscionability as an affirmative defense to the enforcement of a contract. *Id.* ¶ 43.

**{8}** In this case, the district court's decision relied on this Court's opinion in *Strausberg I*, and determined that Defendants bore the burden of proof as to the conscionability of the arbitration clause. This Court's affirmance of the district court was also based in part on our decision in *Strausberg I*.

**{9}** The litigation in the district court on the issue of unconscionability occurred *before* our opinion in *Strausberg I* was filed. The parties conducted the evidentiary hearing with the perception that Plaintiffs had the burden of proving that the arbitration agreement was unconscionable. The parties also submitted their proposed findings and conclusions, and their post-hearing briefs based on this burden of proof. Although Plaintiffs seemed to argue at the hearing that the district court should shift the burden to Defendants to establish that the agreement was not unconscionable, the district court declined to adopt that argument at the hearing. However, the district court's subsequent decision did in fact shift the burden of proof to the defendants. Hence, our Supreme Court's reversal of *Strausberg I* simply restored the burden of proof under which the parties in this case had proceeded in the district court.

**{10}** On appeal in *Griego I*, we were guided by our decision in *Strausberg I* and, consequently, we rejected Defendants' suggestion that they had been unable to meet the new burden imposed on them in *Strausberg I*. *See Griego I*, No. 31,777, mem. op. ¶¶ 11-13. We then proceeded to assess the evidence relevant to the issue of unconscionability and concluded that the agreement was substantively

5

unconscionable. *Id.* ¶¶ 28-33. Given the fact that our Supreme Court in *Strausberg II*, imposed the burden on plaintiffs to establish unconscionability and given the fact that the parties in the present case litigated the issue in accordance with that burden, our determination of the unconscionability of the arbitration agreement remains unchanged.

**CONCLUSION**

{11}     For the foregoing reasons, we affirm our ruling in *Griego I*, and we remand for proceedings consistent with this Opinion.

{12}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CYNTHIA A. FRY, Judge**